ferred defense. This result is consistent with the Legislature's direction in RCW 9.94A.390(1) that failed defenses may constitute mitigating factors. We affirm the Court of Appeals' decision as to Jeannotte's convictions, but reverse the sentencing portion of that decision, and reinstate the trial court's exceptional sentence.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and SANDERS, JJ., concur.

[No. 63695-8. En Banc.]
Argued September 25, 1996.    Decided December 18, 1997.
DAVID J. MCINTYRE, *Petitioner*, v. THE DEPARTMENT OF HEALTH, MEDICAL DISCIPLINARY BOARD, *Respondent*.

---

*Jeannotte*, No. 14406-2-III, slip op. at 7-8. *See Matter of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997) (a sentencing court acts without statutory authority under the Sentencing Reform Act of 1981 when it imposes a sentence based on a miscalculated offender score); *State v. Parker*, 132 Wn.2d 182, 189, 937 P.2d 575 (1997) (when the sentencing court incorrectly calculates the standard range before imposing an exceptional sentence, remand is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway).

At oral argument, counsel for the State indicated if we decided to reverse the Court of Appeals on the failed entrapment defense issue in sentencing, he would, in effect, choose not to request a remand of the case to have the delivery score properly calculated and Jeannotte resentenced as he believed there was little likelihood the trial court would impose a different exceptional sentence. We treat this issue as abandoned and do not reach it. *See State v. Williams*, 96 Wn.2d 215, 226, 634 P.2d 868 (1981) (where no argument is made on an issue it is considered abandoned); *Seattle-First Nat'l Bank v. Shoreline Concrete Co.*, 91 Wn.2d 230, 243, 588 P.2d 1308 (1978) (Supreme Court will not consider issues apparently abandoned at trial and clearly abandoned in the Supreme Court).

*Graham & James, L.L.P./ Riddell Williams, P.S.*, by *Joseph E. Shickich, Jr.*, for petitioner.

*Christine O. Gregoire, Attorney General*, and *Maureen A. Mannix, Assistant*, for respondent.

*Andrew K. Dolan* on behalf of Washington State Medical Association, amicus curiae.

*Michael Romansky* and *Donna M. Moniz* on behalf of Outpatient Ophthalmic Surgery Society, amicus curiae.

*Alan E. Reider* and *James P. Mercurio* on behalf of Society for Excellence in Eyecare, amicus curiae.

PER CURIAM — ■ One of the Justices of this court having recused, this case was argued to the remaining eight Justices. These eight Justices are divided in their opinions, and there is no majority for either affirmance or reversal as required by Const. art. IV, § 2. Therefore, the decision of the Court of Appeals affirming the Medical Disciplinary Board is affirmed.